UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FERGUSON ENTERPRISES, LLC
f/k/a Ferguson Enterprises, Inc.,

    Appellant,

v.

DEVON ROSE,

    Appellee.

Civil Action No. TDC-22-2939

## MEMORANDUM OPINION

Appellant Ferguson Enterprises, LLC ("Ferguson"), formerly known as Ferguson Enterprises, Inc., has appealed three Orders of the United States Bankruptcy Court for the District of Maryland by which the bankruptcy court permitted the reopening of Appellee Devon Rose's Chapter 7 bankruptcy proceeding and the avoiding of a judicial lien pursuant to 11 U.S.C. § 522(f)(1). Having reviewed the submitted materials, the Court finds that no hearing is necessary because the facts and legal arguments have been adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b). For the reasons set forth below, the bankruptcy court's Orders will be AFFIRMED.

## BACKGROUND

### I. The Prior Bankruptcy Proceedings

On July 13, 2011, Appellee Devon Rose filed a Chapter 13 bankruptcy petition, which was later voluntarily converted to a Chapter 7 case. *In re Rose*, No. 11-24491 (Bankr. D. Md. 2011). On August 15, 2011, Rose filed schedules accounting for both his real and personal property, as well as claims held by his creditors. Rose's schedules identified his ownership of a fee simple

interest in property located at 12212 Kingsbrook Street in Mitchellville, Maryland ("the Mitchellville Property") and valued at $220,500. Rose's schedules also stated that the Mitchellville Property was encumbered by two secured liens totaling $287,031, consisting of mortgages held by Bank of America, N.A. and Citimortgage, Inc. On September 1, 2011, Ferguson filed a proof of claim as a secured creditor with the bankruptcy court claiming $24,237.98 as a judgment lien against Rose. Ferguson had received a default judgment against Rose in the District Court of Maryland for Prince George's County and had been granted leave to file a lien on Rose's real property on May 6, 2011.

On December 12, 2012, the United States Trustee ("the Trustee") issued a Final Report stating in part that the Mitchellville Property was released to Rose pursuant to 11 U.S.C. § 522.

On April 30, 2013, the Trustee issued a Final Account and Distribution Report ("TDR") certifying that Rose's estate had been fully administered. The Trustee had identified $5,004 in assets as potentially available to satisfy the claims of creditors. In the TDR, the Trustee stated that the $5,004 was spent first to satisfy administrative fees and charges for the Trustee totaling $1,332.25 before the remainder of $3,671.75 was paid to partially satisfy the general unsecured claims, which totaled $30,617.37 in claims allowed by the Trustee. Ferguson, along with the remaining secured creditors, received no part of the $5,004. Had Ferguson participated in the distribution as a general unsecured creditor and had its claim been approved by the Trustee, the general unsecured claims would have totaled $54,855.35 ($30,617.37 plus $24,237.98), and Ferguson's share would have comprised approximately $1,600.

On June 3, 2013, the bankruptcy court issued a final decree closing Rose's Chapter 7 case.

## II.     The Motion to Reopen

On September 8, 2022, Rose sold the Mitchellville Property to his ex-wife as part of the resolution of the divorce. At the time, however, Ferguson's judicial lien remained on the Mitchellville Property, so the escrow company held back approximately $48,000 from the proceeds of the sale pending a determination of Rose's liability on the judicial lien. Therefore, on September 15, 2022, more than nine years after Rose's Chapter 7 case was closed, Rose filed a Motion to Reopen Case to File Motion to Avoid Judicial Lien. That same day, Rose also filed a Motion to Avoid Judicial Lien. On September 21, 2022, the bankruptcy court scheduled a hearing for October 26, 2022 regarding Rose's Motion to Reopen. The next day, on September 22, 2022, the bankruptcy court issued an Order Reopening Case to Permit Debtor to File a Motion to Avoid Judicial Lien.

On September 26, 2022, Ferguson filed a Motion for Reconsideration of Order Granting Motion to Reopen Case to File Motion to Avoid Judicial Lien. That same day, Ferguson also filed an Opposition to Rose's Motion to Avoid Judicial Lien. On September 28, 2022, the bankruptcy court issued an Order denying Ferguson's Motion for Reconsideration and informing the parties that the bankruptcy court would "address the motion to avoid lien in the ordinary course" at the hearing on October 26, 2022. Order Mot. Reconsideration, ECF No. 1-3.

At the October 26, 2022 hearing, Ferguson confirmed at the outset that its objection was based only "on the timeliness issue" and that it was not claiming that Rose did not satisfy the requirements under the Bankruptcy Code to avoid the judicial lien. Bankr. Hrg. Tr. at 4, ECF No. 5. After hearing arguments from both parties, the bankruptcy court ruled that it would "grant the motion to avoid the lien." *Id.* at 20. The bankruptcy court concluded on its review of the relevant legal framework that "there is no time limit for reopening a case or for avoiding the lien." *Id.* at

21. The bankruptcy court acknowledged that Rose's delay in filing the Motion and seeking to avoid the lien caused some prejudice to Ferguson, as Ferguson could have received some recovery on its lien if it had objected to the Trustee's final report, sought re-classification as an unsecured creditor, and sought a portion of the approximately $3,700 in funds available for unsecured creditors. However, the bankruptcy court also concluded that Ferguson's *pro rata* share would have been only approximately $1,600. The bankruptcy court concluded that such prejudice did not provide a sufficient basis to prevent the avoiding of the lien.

On October 27, 2022, the bankruptcy court issued an Order Avoiding Judicial Lien Under 11 U.S.C. Section 522(f)(1) By Default, thereby avoiding the judicial lien on the Mitchellville Property "to the extent said lien impairs exemptions to which the Debtor would be entitled." Order Avoiding Jud. Lien, ECF No. 1-1.

On November 9, 2022, Ferguson filed a Notice of Appeal. On December 12, 2022, Ferguson filed a Designation of Items on Appeal. The appeal is now fully briefed. This Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158.

## DISCUSSION

In its appeal, Ferguson seeks review of the following Orders of the bankruptcy court: (1) the Order Reopening Case to Permit Debtor to File a Motion to Avoid Judicial Lien ("the First Bankruptcy Order"); (2) the Order Denying Creditor Ferguson Enterprises, LLC f/k/a Ferguson Enterprises, Inc.'s Motion for Reconsideration of Order Granting Motion to Reopen Case to File Motion to Avoid Judicial Lien ("the Second Bankruptcy Order"), and (3) the Order Avoiding Judicial Lien Under 11 U.S.C. Section 522(f)(1) by Default. Ferguson argues that the bankruptcy court erred in granting these Orders because (1) there is a one-year time limit for the filing of a Motion to Reopen pursuant to Federal Rule of Civil Procedure 60(c)(1); and (2) the bankruptcy

court abused its discretion in reopening the case and granting the Motion to Avoid Judicial Lien because the motions were filed nine years after the close of the bankruptcy case. As before the bankruptcy court, Ferguson challenges only the timeliness of the motions and does not challenge the validity of the bankruptcy court's determination that once accepted for consideration, the Motion to Avoid Judicial Lien was properly granted.

**I.      Standard of Review**

On an appeal from the bankruptcy court, this Court reviews legal conclusions *de novo*, factual findings for clear error, and discretionary decisions for abuse of discretion. *Copley v. United States (In re Copley)*, 959 F.3d 118, 121 (4th Cir. 2020); *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004). "Because . . . the reopening of a closed case is a discretionary matter, it follows that [appellate] review is limited to a determination of whether there was an abuse of discretion on the part of the bankruptcy court." *Hawkins v. Landmark Fin. Co. (In re Hawkins)*, 727 F.2d 324, 326-27 (4th Cir. 1984). Under an abuse of discretion standard, a decision is reversed when the reviewing court "has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 506 (4th Cir. 1977)).

**II.     Time Limitation**

In the First and Second Bankruptcy Orders, the bankruptcy court granted Rose's request that his bankruptcy case be reopened in order to consider the Motion to Avoid Judicial Lien. Ferguson argues that the bankruptcy court erred by reopening the case because it was filed more than one year after the end of the bankruptcy case, in violation of Federal Rule of Civil Procedure 60. Rule 60(b) permits a party to file a motion seeking relief from a judgment or order based on,

among other grounds, mistake, inadvertence, surprise, or excusable neglect, or newly discovered evidence. Fed. R. Civ. P. 60(b). Rule 60(c)(1) provides that "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, however, the one-year limitation of Rule 60 does not apply. Under the Federal Rules of Bankruptcy Procedure, "Rule 60 of the Federal Rules of Civil Procedure applies in cases under the [Bankruptcy] Code except that (1) a motion to reopen a case under the Code . . . is not subject to the one-year limitation prescribed in Rule 60(c)." Fed. R. Bankr. P. 9024. Instead, "[m]otions to reopen cases are governed by Rule 5010." Fed. R. Bankr. P. 9024 advisory committee notes. Under that provision, "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. In turn, section 350(b) of the Bankruptcy Code provides that: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (2018). Where § 350(b), not Federal Rule of Civil Procedure 60, governs the issue of reopening of a bankruptcy proceeding, and § 350(b) lacks a time limit, the Court finds that the one-year limitations period of Rule 60(c) does not apply.

### III.     The Bankruptcy Orders

Ferguson further argues that even if there is no specific time limit for the filing of a Motion to Reopen, the Motion should have been denied as untimely where it was filed nine years after the close of the bankruptcy case. Ferguson relies on cases in which such motions were denied based in part on the passage of approximately seven years. *See Mohorne v. Beal Bank*, 419 B.R. 488, 493 (S.D. Fla. 2009) (stating that in considering a motion to reopen, "one factor a court should consider is how long the case has been closed" and that the longer that period of time "the more

compelling the reason for reopening the estate should be"); *In re Lovell*, No. 08-11204, 2016 WL 2865359, at *2 (Bankr. D. Me. May 11, 2016) (stating that "the length of time between the closing of the case and the request to reopen is a factor that is properly considered").

The United States Court of Appeals for the Fourth Circuit, however, has found that 11 U.S.C. § 350(b) provides ample discretion to bankruptcy judges to decide when a motion to reopen is to be considered timely. In *In re Hawkins*, in which two debtors moved under § 350(b) to reopen their bankruptcy case for "the purpose of instituting a lien avoidance proceeding," the Fourth Circuit concluded that "the right to reopen a case depends upon the circumstances of the individual case and that the decision whether to reopen is committed to the [bankruptcy] court's discretion" in light of that court's "equitable nature." *In re Hawkins*, 727 F.2d at 326 & n.5. *See also Johnson v. First & Merchants Nat'l Bank (In re Johnson)*, 18 B.R. 555, 556-57 (Bankr. D. Md. 1982) (stating that "there is "no time limitation within which the lien may be avoided" and permitting a bankruptcy case to be reopened under 11 U.S.C. § 350 for the purpose of avoiding a judicial lien pursuant to 11 U.S.C. § 522(f)).

Upon consideration of the bankruptcy court's decisions to reopen the bankruptcy case pursuant to 11 U.S.C. § 350(b) and to grant the Motion to Avoid Judicial Lien, the Court finds that the bankruptcy court acted within its discretion. After correctly finding that there is no firm time limit for the filing of the motions, the bankruptcy court considered and weighed the significant period of time that had passed since the end of the bankruptcy case and identified no basis to criticize the delay in filing, as the record shows that the filing was prompted by the 2022 sale of the Mitchellville Property upon the divorce of Rose and his ex-wife. Significantly, the bankruptcy court weighed the "equitable principle" of laches and the prejudice to Ferguson and made an assessment that while there was prejudice to Ferguson, it would ultimately consist of a loss of only

"approximately $1,600" from the avoiding of the lien and thus was not so great as to provide a basis to deny the motions. Bankr. Hrg. Tr. at 21. The bankruptcy court also notably found that Ferguson likely could have secured this amount had it objected to the distribution and sought re-classification as an unsecured creditor so as to be eligible for a share of the available funds. Implicit in this finding is the notion that denying the motions would allow Ferguson to now seek to recoup the full amount of its lien with accrued interest, even though it should have been resolved during the bankruptcy proceeding for only a fraction of its full value. Thus, unlike in cases such as *In re Lovell*, in which the court found unfair prejudice to the creditor that would arise from the granting of a motion to reopen, *In re Lovell*, 2016 WL 2865359 at *2, here, denial of the Motion to Reopen the case in order to grant the Motion to Avoid Judicial Lien could have resulted in unfairness to Rose.

Thus, where courts have at times reopened cases after seven or more years, *see id.*, and the bankruptcy court properly considered "the circumstances of the individual case" and applied equitable principles, *In re Hawkins*, 727 F.2d at 326 & n.5, the Court finds that the bankruptcy court's decisions to grant the Motion to Reopen and then to consider the Motion to Avoid Judicial Lien were within its discretion. Because Ferguson offered no argument against the decision to grant the Motion to Avoid Judicial Lien other than the timeliness of the filing of the motion, the Court will affirm all three Orders.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's Order Reopening Case to Permit Debtor to File a Motion to Avoid Judicial Lien, Order Denying Creditor Ferguson Enterprises, LLC f/k/a Ferguson Enterprises, Inc.'s Motion for Reconsideration of Order Granting Motion to Reopen Case to File Motion to Avoid Judicial Lien, and Order Avoiding Judicial Lien Under 11 U.S.C. Section 522(f)(1) by Default will be AFFIRMED.  A separate Order shall issue.


Date:  October 12, 2023

THEODORE D. CHUANG
United States District Judge